IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK LINSEY AND LINDA LINSEY | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 4:17-cv-02078 |
| | § | JURY REQUESTED |
| STATE FARM LLOYDS, INC. AND | § | |
| ADRIAN EUGENE | § | |

### DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

STATE FARM LLOYDS, a Defendant in the above-styled and numbered cause, files this Notice of Removal of the present action from the 400th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division. In connection with this Notice of Removal, State Farm Lloyds would respectfully show unto the Court as follows:

### I.
#### PROCEDURAL BACKGROUND

1. Plaintiffs, Mark Linsey and Linda Linsey, filed this action on April 12, 2017, against State Farm Lloyds, **Inc.**, and Adrian Eugene in the 400th Judicial District Court of Fort Bend County, Texas. That case was docketed under cause number 17-DCV-240999 (the "State Court Action"). State Farm Lloyds, Inc. is an attorney-in-fact for State Farm Lloyds and, thus, is not a proper party to the suit.

2. State Farm Lloyds, Inc. was served with process on April 27, 2017. Adrian Eugene was served with process on May 12, 2017.

3. On June 19, 2017, Plaintiffs joined State Farm Lloyds – the entity that issued the subject insurance policy and handled Plaintiffs' insurance claim and, thus, is the proper party to the suit.

4. State Farm Lloyds was served with process on July 3, 2017.

5. State Farm Lloyds files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 400th Judicial District Court of Fort Bend County to the United States District Court for the Southern District of Texas, Houston Division.

6. State Farm Lloyds' Original Answer filed in the State Court Action included a jury demand.

## II.
## NATURE OF SUIT

7. This lawsuit involves a dispute over the alleged non-payment of insurance benefits and the handling of Plaintiffs' claim for damages allegedly caused by a storm on or about June 2, 2016 or April 19, 2015. *See* Pl.s' Second Amend. Pet. ¶ 5.04. Plaintiffs assert causes of action against for breach of contract, breach of the duty of good faith and fair dealing, violations of Chapter 541 and Chapter 542 of the Insurance Code, violations of the DTPA, and fraud.

8. Plaintiffs reported their claim on August 25, 2016, and State Farm Lloyds inspected the insureds' property on September 7, 2016 and December 29, 2016. Shortly after each inspection, State Farm provided written correspondence to Plaintiffs explaining the covered losses did not exceed the deductible. Further, because Plaintiffs contend that the correct date of loss is April 19, 2015 and Plaintiffs did not report their claim until August 25, 2016, they failed to comply with a condition precedent of the Policy requiring prompt notice. This delay was unreasonable and prejudiced State Farm's investigation of Plaintiffs' claim.

9.     Plaintiffs' counsel then instituted the current suit on April 12, 2017.

### III.
### BASIS OF REMOVAL

10.    The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest and the amount in controversy exceeds $75,000, exclusive of interests and costs.

11.    At the time this action was commenced, Plaintiffs, Mark Linsey and Linda Linsey, were, and still are, residents of Fort Bend County, Texas. Pl.s' Orig. Pet. at ¶ 2.01.

12.    State Farm Lloyds was at the time this action commenced, and still is, an unincorporated insurance association whose underwriters were, and still are, citizens of states other than Texas. *See* Removal Affidavit of Jim Larson*.; Royal Ins. Co. v. Quinn-L Capital Corp.,* 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members). Accordingly, State Farm is not a citizen of the State of Texas. *See Griggs v. State Farm Lloyds,* 181 F.3d 694, 698 (5th Cir. 1999) (finding that State Farm Lloyds is a citizen of Illinois); *Alonzo v. State Farm Lloyds,* No. SA-06-SA-0326-XR, 2006 WL 1677767, at *1 (W.D. Tex. June 12, 2006) (State Farm Lloyds held to be diverse from Texas plaintiffs); *Caballero v. State Farm Lloyds,* No. CA-C-03-266, 2003 WL 23109217, at *1 (S.D. Tex. Oct. 31, 2003) (same); *Rappaport v. State Farm Lloyds,* No. 3:97-CV-2747, 1998 WL 249211, at *2 (N.D. Tex. May 8, 1998) (same).

13.    Defendant Adrian Eugene was at the time this action commenced, and still is, a resident and citizen of Louisiana. Pl.s' Orig. Pet. at ¶ 2.03.

14.    State Farm Lloyds, Inc. is a citizen of Texas. However, the Court should not consider the citizenship of State Farm Lloyds, Inc. because Plaintiffs have no basis of recovery against this entity, and instead sued it solely for the purposes of defeating diversity jurisdiction.

*See Salazar v. Allstate Texas Lloyd's Inc.,* 455 F.3d 571, 574 (5th Cir. 2006) ("federal removal jurisdiction premised on diversity cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2003).

15. Plaintiffs' Second Amended Petition expressly alleges damages in excess of $200,000 satisfying the "amount in controversy" requirement of 28 U.S.C. § 1332(a). Pl.s' Second Amend. Pet. ¶ 14.04.

## IV.
## STATE FARM LLOYDS INC. IS IMPROPERLY JOINED

16. Improper joinder is established when there is actual fraud in the pleading of jurisdictional facts or there is no reasonable basis to predict a plaintiff can recover against a non-diverse defendant. *Smallwood v. Ill. Centr. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder applies in this case because Plaintiffs have no basis of recovery against State Farm Lloyds, **Inc.**

17. State Farm Lloyds, Inc. is an agent or "attorney-in-fact" for "State Farm Lloyds," a group of underwriters which combine to sell insurance through Defendant. *Martinez v. State Farm Lloyds*, 204 F. App'x 435, 436 (5th Cir. 2006) (per curiam) (citing TEX. INS. CODE § 941.001). It does not issue insurance policies and does not investigate or handle insurance claims. *See* State Court Affidavit of Jim Larson. Thus, it "does not bear risks and has no contractual relationship with the insured," and it cannot be held liable for contracts entered into on behalf of a principle or for any actions that are within its authority. *Martinez*, 204 F. App'x at 436; *see also Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993) ("The attorney in fact has to be authorized by the underwriters to execute insurance policies and *acts for* those underwriters by doing so." (emphasis original)). It can ***only*** be held liable if

Plaintiffs allege State Farm Lloyds, Inc. engaged in specific conduct outside its scope of authority, which they do not. *Martinez*, 204 F. App'x at 436 ("unless Lloyd's, Inc. was acting outside of the scope of its authority with respect to [the insureds' claims], Lloyds Inc. is not individually liable."); *see also Medical Pers. Pool of Dallas, Inc. v. Seale*, 554 S.W.2d 211, 213 (Tex. Civ. App.—Dallas 1977, writ ref'd n.r.e.) ("If an agent acting within the scope of his authority enters into a contract for his principal, the principal rather than the agent is liable.").

18. Attempts by insureds to sue State Farm Lloyds, Inc. have been repeatedly rejected by the Fifth Circuit. *See e.g.*, *Martinez*, 204 F. App'x at 436 (affirming dismissal of claims against State Farm Lloyds, Inc. in the absence of any allegations that it acted outside its authority.); *Trevino v. State Farm Lloyds*, 207 F. App'x 422, 424 (5th Cir. 2006) (same); *Castillo*, 210 F. App'x at 393 (same). Thus, because there is no contractual relationship between Plaintiffs and State Farm Lloyds, Inc. and because there is no allegation that State Farm Lloyds, Inc. acted outside its authority, there is no reasonable basis of recovery against State Farm Lloyds, Inc. It is obvious that State Farm Lloyds, Inc. was improperly joined solely to defeat diversity jurisdiction and, thus, it should be dismissed from this litigation.

## VI.
### REMOVAL PROCEDURES

19. State Farm Lloyds was served with process on July 3, 2017. This Notice of Removal is being filed on July 7, 2016. Accordingly, this Notice of Removal is timely filed within 30 days of when State Farm received a copy of Plaintiffs' Second Amended Petition and within one year of the commencement of this suit. *See* 28 U.S.C. § 1446(b).

20. Defendant Adrian Eugene joins in this removal. Although not a properly joined party, State Farm Lloyds, Inc. consents to this removal.

21. Plaintiffs filed this action in Fort Bend County, Texas. The Houston Division of the Southern District of Texas encompasses Fort Bend County, Texas. *See* 28 U.S.C. § 124(b)(2). Thus, venue is proper because this district and division embrace the place where the state court action is pending. *See* 28 U.S.C. § 1441(a).

22. All information and documents required by 28 U.S.C. § 1446(a) and by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.

23. A copy of this Notice of Removal will be filed with the Fort Bend County District Clerk's office and served on the Plaintiffs promptly. *See* 28 U.S.C. § 1446(d).

## VII.
### PRAYER

24. Defendant, State Farm Lloyds, respectfully requests that the above-styled action now pending in the 400th Judicial District Court of Fort Bend County, Texas be removed to this Honorable Court pursuant to the Court's diversity jurisdiction, that upon final trial, judgment be rendered that Plaintiffs take nothing by their suit against State Farm Lloyds, and for such other and further relief to which State Farm Lloyds may be justly entitled.

Respectfully submitted,

**GERMER PLLC**

By: _____
Dale M. "Rett" Holidy
State Bar No. 00792937
Federal I.D. No. 21382
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
rholidy@germer.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT, STATE FARM LLOYDS**

OF COUNSEL:

**GERMER PLLC**
James A. Tatem, III
State Bar No. 00785086
Federal I.D. No. 16798
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas 77019
(713) 650-1313 - Telephone
(713) 739-7420 - Facsimile
jatatem@germer.com

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to all known counsel pursuant to the Federal Rules of Civil Procedure on this the 7th day of July, 2017.

| | |
|---|---|
| Clint Brasher | **VIA CM/ECF** |
| clint@brasherattorney.com | |
| Joe Muckleroy | |
| joe@brasherattorney.com | |
| Nishi Kothari | |
| nishi@brasherattorney.com | |
| BRASHER LAW FIRM PLLC | |
| 6430 Wellington Place | |
| Beaumont, Texas 77706 | |

                                                **DALE M. "RETT" HOLIDY**